UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CARNETHA IVORY                                    CIVIL ACTION

VERSUS                                            NO. 10-1019

MR. MICHEAL C. GINART ET AL.                      SECTION "F" (2)

## REPORT AND RECOMMENDATION

Plaintiff, Carnetha Ivory, is a prisoner currently incarcerated in the Orleans Parish prison system. He filed this complaint pro se and in forma pauperis pursuant to 42 U.S.C. § 1983 against his retained criminal defense counsel, attorneys Micheal C. Ginart, Richard A. Tonry and Randall West, alleging that his lawyers failed properly to represent him in his criminal case. Record Doc. No. 1 (Complaint at ¶ IV).

Specifically, Ivory alleged in his complaint:

When I retained Tonry & Ginart I was told by Mr. Randall West that Mr. Richard A. Tonry would defend me. On the date of my case Mr. Micheal C. Ginart was there. No one had called or talked to me. Mr. Ginart told me after turning it down that the State offered 5 yrs. probation. I asked to take it. [H]e stated no it was okay because he would get it back at the next court date. He quit my case at the next court date. He agreed to let me pay the outrageous fee of 25,000 on a payment plan. Mr. Randall West and Mr. Micheal C. Ginart lied to me.

Id.

Plaintiff alleges that his criminal case "is still open." Id. at ¶ III(A). In the relief portion of his complaint, Ivory states that "Mr. Ginart told me he would get the 5 yrs. probation back on the table and then he quit my case. I want him back in the courtroom to

finish my case. He promised he would get me probation. Now here I sit without the defense that I paid for. My date to appear is 3-25-10 and I need representation there in Section K from the defense I paid for." Id. ¶ V.

## **ANALYSIS**

I. STANDARDS OF REVIEW

A prisoner's pro se complaint for alleged civil rights violations must be screened by the court as soon as practicable after docketing, regardless whether it has also been filed in forma pauperis. 28 U.S.C. § 1915A(a); Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998). Such complaints by prisoners must be dismissed upon review if they are frivolous or fail to state a claim. 28 U.S.C. § 1915A(b)(1).

"A federal court may dismiss a claim in forma pauperis 'if satisfied that the action is frivolous or malicious.'" Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994) (quoting former 28 U.S.C. § 1915(d), now incorporated in 28 U.S.C. § 1915(e), as amended). A complaint is frivolous "if it lacks an arguable basis in law or fact." Davis v. Scott, 157 F.3d 1003, 1005 (5th Cir. 1998); Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). The law "'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'" Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

2

"'A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.'" Davis, 157 F.3d at 1005 (quoting McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997)). "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal under Rule 12(b)(6) is appropriate; however, dismissal under the section 1915(d) standard is not." Moore v. Mabus, 976 F.2d 268, 269 (5th Cir. 1992). An in forma pauperis complaint which is legally frivolous, fails to state a claim or seeks monetary relief against a defendant who is immune from such relief may be dismissed sua sponte at any time under 28 U.S.C. § 1915(e)(2).

In this case, plaintiff's Section 1983 complaint may be dismissed either under 28 U.S.C. § 1915(e) as legally frivolous because it lacks an arguable basis in law or under Rule 12(b)(6) because it fails to state a cognizable Section 1983 claim under the broadest reading.[1]

## II. DEFENSE ATTORNEYS ARE NOT STATE ACTORS

Defendants Micheal C. Ginart, Richard A. Tonry and Randall West, sued in this action under Section 1983, are all attorneys who allegedly represented or were retained to represent plaintiff in his pending state court criminal proceedings.

---

[1] Pro se civil rights complaints must be broadly construed, Moore, 30 F.3d at 620, and I have broadly construed the complaint in this case.

To assert a claim under Section 1983, a plaintiff must establish that a defendant has acted under color of state law in violating his constitutional rights. Daniels v. Williams, 474 U.S. 327 (1986). To state a claim under Section 1983, a plaintiff must show (1) deprivation of a right, privilege or immunity secured by the federal laws or Constitution (2) by one acting under color of state law. James v. Texas Collin County, 535 F.3d 365, 373 (5th Cir. 2008); Calhoun v. Hargrove, 312 F.3d 730, 734 (5th Cir. 2002); Mississippi Women's Med. Clinic v. McMillan, 866 F.2d 788, 791 (5th Cir. 1989). Thus, plaintiff must show that the actions of Ginart, Tonry and West are "fairly attributable to the state." West v. Atkins, 487 U.S. 42, 49 (1988); accord Johnson ex rel. Wilson v. Dowd, 305 Fed. Appx. 221, 2008 WL 5212795, at *2 (5th Cir. 2008); Cornish v. Correctional Servs. Corp., 402 F.3d 545, 549 (5th Cir. 2005).

Under no circumstances can these defendants, all private attorneys who represented or were retained to represent Ivory in his pending criminal case, be considered state actors as a matter of law for Section 1983 purposes. Polk County v. Dodson, 454 U.S. 312, 325 (1981); Small v. Dallas County, 170 Fed. Appx. 943, 2006 WL 925500, at *1 (5th Cir. 2006) (citing Hudson v. Hughes, 98 F.3d 868, 873 (5th Cir. 1996); Mills v. Criminal Dist. Ct. No. 3, 837 F.2d 677, 679 (5th Cir. 1988)). Because these defendants are not state actors, plaintiff's Section 1983 claims against them have no basis in federal law and must be dismissed for failure to state a cognizable claim.

**RECOMMENDATION**

For all of the foregoing reasons, **IT IS RECOMMENDED** that plaintiff's complaint asserting claims pursuant to 42 U.S.C. § 1983 be **DISMISSED WITH PREJUDICE**, either as legally frivolous or for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[2]

New Orleans, Louisiana, this ___6th___ day of April, 2010.

           JOSEPH C. WILKINSON, JR.
           UNITED STATES MAGISTRATE JUDGE

---

[2] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.